UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

In re:

THE LIVING TRUTH MINISTRIES, INC.,        Case No. 3:10-bk-02227-JAF

     Debtor.        Chapter 11

_____/

## MOTION OF NATIONAL LOAN INVESTORS, L.P. FOR RELIEF FROM AUTOMATIC STAY

Movant, NATIONAL LOAN INVESTORS, L.P. (hereinafter "NLP"), through its undersigned attorneys, files this Motion for Relief from Automatic Stay, and says:

1.     This is a Motion for Relief from Automatic Stay pursuant to §362(d) of the Bankruptcy Code.

2.     This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

3.     This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2).

4.     Venue is proper under 28 U.S.C. §1409.

5.     On March 19, 2010, Debtor, The Living Truth Ministries, Inc. (hereinafter "Debtor"), filed a Voluntary Petition for relief under Chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §101 et seq. (the "Code"), in the United States Bankruptcy, Middle District of Florida, Jacksonville Division (the "Bankruptcy Court").

6.     On August 30, 2007, Debtor executed and delivered a Consolidated Promissory Note to NLP consolidating various previously executed promissory notes given by Debtor to NLP and its predecessors in interest. The Note was secured by a first priority Mortgage recorded in Official Records Book 4746, beginning at Page 352 of the Public Records of Volusia County,

Florida which mortgaged the property described therein (hereinafter the "Property") then owned by and in the possession of Debtor and other mortgage modification documents.

7.      NLP owns and holds the Note and Mortgage, and all related loan documents.

8.      Debtor defaulted under the Note and Mortgage by failing to pay the payment due September 30, 2007 and all subsequent payments.

9.      Debtor declared the full amount to be due and payable under the Note and Mortgage.

10.     Accordingly, on December 21, 2007, NLP commenced a foreclosure suit, Case No. 2007-33275-CICI, Volusia County, Florida Circuit Court, styled "National Loan Investors, L.P., Plaintiff vs. The Living Truth Ministries, Inc., Defendant" (hereinafter the "Foreclosure Suit").

11.     NLP has previously obtained relief from the automatic stay from the United States Bankruptcy Court, Middle District, Orlando Division, in the case of "In re:  Church Mortgage and Loan Corporation, Case No. 6:08-bk-02363-KSJ", against the subordinate second mortgage holder to allow it to continue to prosecute the Foreclosure Suit.

12.     On February 22, 2010, NLP obtained in the Foreclosure Suit the entry of an Amended Final Judgment Of Foreclosure And For Attorneys' Fees And Costs in the total judgment amount of $1,132,856.15 with a foreclosure sale scheduled for March 24, 2010.  A copy of the Final Judgment is attached hereto as Exhibit "A".

13.     NLP seeks relief from the automatic stay to permit the continuation of the Foreclosure Suit to permit the holding of the foreclosure sale ordered by the Circuit Court in order to complete the foreclosure of the Debtor's interest in the Property.

16588288.1

14.    NLP does not seek to collect outside of the Bankruptcy Court any monies which the Debtor might owe personally pursuant to the Note.  Rather, NLP seeks only to complete the foreclosure of its lien in the Foreclosure Suit.

15.    On March 19, 2010, the Debtor filed its Schedules.  It appears to be a single asset real estate case.  In Schedule "A" thereof, the Debtor acknowledges that the value of the Property is less than the amount of the secured debt thereon, now reduced to judgment.

16.    The Debtor has no equity in the Property and the Property is not necessary for an effective reorganization since the Debtor cannot formulate a confirmable plan dealing with its obligations to NLP.

17.    Alternatively, cause exists under § 362(d)(1) of the Bankruptcy Code for relief from the automatic stay for NLP to proceed with the Foreclosure Suit because the Debtor cannot adequately protect NLP's interest in the Property which has been ordered to be sold at a foreclosure sale.  In section 1 of the Debtor's Statement of Financial Affairs, the Debtor lists gross income of $15,529.17 for 2007 and a loss of $1,471.31 for 2008.  No information is given for 2009.

18.    All conditions precedent to the relief demanded herein have been performed or have occurred.

19.    If NLP is not permitted to continue its Foreclosure Suit by having the Property sold, it will suffer irreparable injury, loss and damage.

WHEREFORE, NLP requests this Court to enter an Order modifying the automatic stay

16588288.1

to allow it to continue the Foreclosure Suit against the Property, and for such other and further relief as this Court deems just.

/s/ Robert L. Young
ROBERT L. YOUNG
Florida Bar Number 166220
DANIEL L. DECUBELLIS
Florida Bar Number 338958
CARLTON FIELDS, P.A.
P.O. Box 1171
Orlando Fl 32802-1171
Telephone:   (407) 849-0300
Facsimile:   (407) 648-9099
Attorneys for Movant, National Loan Investors, L.P.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 25, 2010, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system and a copy will be sent either electronically or by U.S. mail to The Living Trust Ministries, Inc., P.O. Box 1055, Daytona Beach, FL 32115; Jason A. Burgess, Esq., Crumley Wolfe & Burgess, P.A., 2254 Riverside Avenue, Jacksonville, FL 32204; and parties on attached Mail Matrix.

/s/ Robert L. Young
Robert L. Young
Florida Bar Number 166220
DANIEL L. DECUBELLIS
Florida Bar Number 338958
CARLTON FIELDS, P.A.
P.O. Box 1171
Orlando Fl 32802-1171
Telephone: 407.849.0300
Facsimile:  407.648.9099
E-Mail:    ryoung@carltonfields.com
Attorneys for National Loan Investors, L.P.

4

Label Matrix for local noticing
113A-3
Case 3:10-bk-02227-JAF
Middle District of Florida
Jacksonville
Thu Mar 25 09:46:58 EDT 2010

A Floral Boutique
321 North US Highway 1
Ormond Beach, FL 32174-4505

APS Security
545 Ballough Road
Daytona Beach, FL 32114-2205

Afni, Inc.
P.O. Box 3427
Bloomington, IL 61702-3427

Bank of America
4060 Ogletown/Stanton Road
Newark, DE 19714

Biz Central USA, Inc.
PO Box 337
Montrose, MN 55363-0337

Brian Kowal
2999 NE 191st Street
Fifth Floor
Miami, FL 33180-3123

Jason A Burgess
Crumley, Wolfe & Burgess, P.A.
2254 Riverside Avenue
Jacksonville, FL 32204-4620

Central Credit Services, Inc
P.O. Box 15118
Jacksonville, FL 32239-5118

Church Mortgage and Loan
PO Box 3353
Orlando, FL 32802-3353

Cingular
PO Box 3427
Bloomington, IL 61702-3427

Cingular Wireless/AT&T
Attn: Bankruptcy Dept.
2612 North Roan St.
Johnson City, TN 37601-1708

Climatron Air Conditioning
418 North Segrave Street
Daytona Beach, FL 32114-3145

Cobb Cole
150 Magnolia Avenue
Daytona Beach, FL 32114-4346

Colonial Bank
1200 Brickell Avenue
10th Floor
Miami, FL 33131-3209

Commercial Collectors Inc
PO Box 337
Montrose, MN 55363-0337

Corporate Images
711 Fentress Blvd
Ste. 10
Daytona Beach, FL 32114

Cubco
605 Commercial Drive
Daytona Beach, FL 32117-3440

Daytona Fire & Safety
179 Carswell Avenue
Daytona Beach, FL 32117-5083

Fletcher's Tree & Lawn
365 Aleatha Drive
Daytona Beach, FL 32114-7312

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

GE Capital
PO Box 740441
Atlanta, GA 30374-0441

Harpsters Engineering
159 W. Granada Blvd
Ormond Beach, FL 32174-6303

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 21126
PHILADELPHIA PA 19114-0326

MCI
c/o Verizon
140 West Street
Brooklyn, NY 11222

NCO Fin/22
507 Prudential Road
Horsham, PA 19044-2308



Office Depot - Commercial
PO Box 9020
Des Moines, IA 50368-9020

Orchard Bank
PO Box 15118
Jacksonville, FL 32239-5118

Orchard Bank Card
HSBC Card Services
P.O. Box 5222
Carol Stream, IL 60197-5222

Philidelphia Insurance
PO Box 70251
Philadelphia, PA 19176-0251

Receivables Performance
20816 44th Ave W
Lynnwood, WA 98036-7744

Regions Bank
P.O. Box 11007
Birmingham, AL 35288-0002


Revenue Systems, Inc
PO Box 15257
Clearwater, FL 33766-5257

Second Harvest Food Bank
320 North Street
Daytona Beach, FL 32114-2612

Secretary of the Treasury
15th & Pennsylvania Ave., NW
Washington, DC 20220-0001


Siemans Financial Services
659 Florida Central Parkway
Longwood, FL 32750-6345

Siemens
659 Florida Central parkway
Longwood, FL 32750-6345

Silver & Associates, LTD
1540 E. Dundee Road
Ste. 160
Palatine, IL 60074-8322


State Farm Florida Ins Co
7401 Cypress Garden Blvd
Winter Haven, FL 33888-0001

T-Mobile
P.O. Box 660252
Dallas, TX 75266-0252

TBF Financial, LLC
520 Lake Cook Road
Ste. 510
Deerfield, IL 60015-4900


TUI
2230 Hibiscus Drive
Edgewater, FL 32141-4702

Tax Collector, Volusia County
123 W. Indiana Avenue
Deland, FL 32720-4615

The Living Trust Ministries, Inc.
511 Fremont Avenue
Daytona Beach, FL 32114-6075


The Living Truth Ministries, Inc.
P.O. BOX 1055
Daytona Beach, FL 32115-1055

U.S. Securities & Exchange Commission
Reorganization Branch, Atlanta
3475 Lenox Rd., NE, Ste. 1000
Atlanta, GA 30326-3235

United States Attorney
300 North Hogan St Suite 700
Jacksonville, FL 32202-4204


United States Trustee - JAX
135 W Central Blvd, Suite 620
Orlando, FL 32801-2440

VIP Painting Inc
11540 WILES ROAD
Bay 5
Pompano Beach, FL 33076-2119

WAPN
1508 State Avenue
Daytona Beach, FL 32117-2224


Wachovia Bank, NA
Central Bankruptcy Dept
Post Office Box 13765
Roanoke, VA 24037-3765

William J. Boyce
275 96th Avenue North
Suite 5
Saint Petersburg, FL 33702-2526

William Lindeman
300 S. Eola Drive
Orlando, FL 32801-2802


The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).


Internal Revenue Service
PO Box 21126
Philadelphia, PA  19114

02/24/2010 09:09 AM
Instrument# 2010-032883 # 1
**Book: 6448**
**Page: 3274**

IN THE CIRCUIT COURT OF THE
SEVENTH JUDICIAL CIRCUIT, IN AND
FOR VOLUSIA COUNTY, FLORIDA

NATIONAL LOAN INVESTORS, L.P.,    CASE NO.:    2007-33275-CICI

    Plaintiff,

vs.

THE LIVING TRUTH MINISTRIES, INC.
and CHURCH MORTGAGE AND LOAN
CORPORATION

    Defendants.

_____/

## AMENDED
### FINAL JUDGMENT OF FORECLOSURE
### AND FOR ATTORNEYS' FEES AND COSTS

    THIS ACTION came before the Court on the Plaintiff's Motion for Entry of Final Judgment of Foreclosure, and the Court having determined that Plaintiff is entitled to Final Judgment of Foreclosure, and being fully advised in the premises, it is hereby:

    THE COURT FINDS AND IT IS ADJUDGED that:

    Plaintiff, National Loan Investors, L.P. is due

| | |
|---|---|
| Principal Balance | $845,439.28 |
| Accrued interest through 2-17-10 | $268,145.37 |
| Late Fees | $3,825.00 |
| Appraisal Fee | $3,700.00 |
| Attorneys' Fees – Carlton Fields | $10,705.00 |
| Attorney's Fees – William Boyce (the majority of Attorney Boyce's fees and costs previously paid by Borrower) | $371.50 |
| Clerk's foreclosure fee | $70.00 |
| Publish Notice of Sale | Est. $100.00 |
| Title Search | $500.00 |
| **TOTAL** | **$1,132,856.15** |

that shall bear interest at the rate of 6.0% a year.



EXHIBIT
"A"

27

Plaintiff holds a lien for the total sum superior to all claims or estates of defendant(s), on the following described property in Volusia County, Florida:

A portion of Lot 4 and Lot 5, Block 69, HIGBEE'S ADDITION TO DAYTONA, as per map in Deed Book "L", page 704, of the Public Records of Volusia County, Florida, more particularly described as follows:  The West ½ of Lot 4, excepting therefrom the Easterly 25 feet thereof used for Marion Street and the East 1/3 of Lot 5.

If the total amount with interest at the rate described in Paragraph 1 and all costs accrued subsequent to this judgment are not paid, the clerk of this court shall sell the property at public sale on ___March 24_____, 2010, to the highest bidder for cash, except as prescribed in Paragraph 5, at the courthouse located at Volusia County Courthouse, 101 N. Alabama Avenue, Room D251, DeLand, Florida 32744, in accordance with Section 45.031, Florida Statutes, using the following method:



At Volusia County Courthouse, 101 N. Alabama Avenue, Room D251, DeLand, Florida 32744, at __11:00 A.m.___, on the prescribed date.

□   By electronic sale commencing at _____on the prescribed date at ____ _____website.

Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided however, the purchaser of the property for sale shall be responsible for the documentary stamps payable on the certificate of title.  If plaintiff is the purchaser, the clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.

On filing the certificate of title, the clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 1 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this court.

On filing of the certificate of sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the notice of lis pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Florida Statues, if any.  Upon the filing of the certificate of title, the person named on the certificate of title shall be let into possession of the property.  If any defendant remains in possession of the property, the Clerk shall without further order of the Court issue forthwith a Writ of Possession upon request of the person named on the certificate of title.

16387115.1

Jurisdiction of this action is retained to enter further orders that are proper including, without limitation a deficiency judgment .

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

ORDERED at Volusia County, Florida, on this _____ day of _____, 2010.

WILLIAM A. PARSONS
CIRCUIT JUDGE
FEB 2 2 2010
SIGNED AND DATED

_____
Circuit Judge

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. mail this ____ day of February, 2010 to: Jon E. Benezette, Esq., *attorney for Defendant,* The Living Truth Ministries, Inc. at 516 North Peninsula Drive, Daytona Beach, FL 32118, Elizabeth A. Green, *attorney for Defendant,* at P.O. Box 3353, Orlando, FL 32802 and Daniel L. DeCubellis, Esq., *attorney for Plaintiff,* 450 S. Orange Ave., Ste. 500, Orlando, Florida 32801.

_____

16387115.1